J. W. McINTOSH & SON, Appellees, v. J. U. LEE and MARY E. LEE, Intervenor, Appellants.

Title to Real Estate: RESULTING TRUST: ATTACHMENT. Where, upon an attachment of real estate as the property of the husband, the wife intervened, claiming that the property was purchased by her husband as her agent, and with her money, and that his conveyance of the same to her after the attachment was in pursuance of a promise made by him when she first discovered that the property had been taken in his name, and the wife's testimony was confirmed by that of the husband, but it appeared that some of the tax receipts were issued to the husband, that several witnesses had heard of the husband and wife speak of the property belonging to the former, that the husband contracted for the property about ten months before his marriage, made a lease of the property and received the rent, and executed a mortgage on a portion thereof, in which the wife joined to release her right of dower; that some of the statements of the wife, on the trial, were contradictory, and that she admitted having testified in a case tried in Kansas that she did not know that she owned any property in this state, *held,* that the wife's claim of title was not supported by the evidence.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, OCTOBER 17, 1893.

THE plaintiffs commenced an action against the defendant, J. U. Lee, aided by an attachment, which was levied upon certain lots in the town of Missouri Valley. Mary E. Lee intervened, claiming to be the

absolute and unqualified owner of the lots. There was a hearing on the merits, and a judgment against the intervenor, and in favor of the plaintiffs for costs. The intervenor appeals.—*Affirmed*.

*S. H. Cochran*, for appellant.

*J. S. Dewell*, for appellees.

ROBINSON, C. J.—The lots in question were conveyed to the defendant, J. U. Lee, by the Blair Town Lot & Land Company, by a deed, which was recorded July, 1883. The deed recited that it was executed in pursuance and fulfillment of a contract theretofore made on the fifth day of April, 1882. The intervenor claims that the lots were purchased for her, with her own money, by J. U. Lee, as her agent; that the deed was made to him without her actual knowledge, in order that he might more readily transfer it for her in case of a sale; that the plaintiffs knew those facts before their attachment was issued; that long before the indebtedness of J. U. Lee to the plaintiffs, on which the judgment involved in this suit was rendered, had been incurred, she had requested him to convey the lots to her, and he had promised, but neglected to do so until this action was commenced, when he conveyed them to her, as he had agreed to do. She asks that the attachment be discharged, and that she have a decree for the possession of the lots. The claims of intervenor are denied by the plaintiffs.

The intervenor is the wife of J. U. Lee. She acquired from a former husband property to the value of about fifteen thousand dollars. He died, and about two years afterwards, in February, 1883, she married the defendant. The evidence introduced in her behalf tends to show that the defendant had little, or no, property when she married him, and that he has not acquired any since. Both of them testify that the lots in con-

troversy were purchased by him for the intervenor, and with her money. She says she directed him to buy them for her, but did not know that he took the title thereto in his own name until about a month after they were purchased; that she then requested him to convey them to her, and he promised to do so; that she has paid the taxes on them since they were purchased, and that the failure to convey them to her before this action was commenced was due to negligence. Both she and her husband testify that they informed the plaintiffs before this action was commenced that she was the owner of the lots, and the testimony of two other witnesses tends to show that the plaintiffs admitted that the intervenor owned them. The testimony of the intervenor and her husband in regard to what they said to the plaintiffs with respect to the title is denied by them, and the testimony of the other two witnesses referred to was general, and somewhat indefinite. It appears that some of the receipts for the taxes on the lots, and certificates of redemption from tax sales, were issued to Mrs. Lee, but it also appears that some of the receipts were issued to her husband. Several witnesses testify that they heard Mrs. Lee and her husband speak of the lots as belonging to him. He states that he first contracted for them in February, 1881, although the deed to him indicates that it was at a later date. He leased the lots and received the rent. He executed in his own name a mortgage on one of them, in which intervenor joined to release her right of dower. Her statements in regard to the time when she discovered that the title to the lots was vested in her husband, and in regard to the reasons for the conveyance of them to her, are in some respects contradictory and unsatisfactory. She admits that she testified, in a case tried in Kansas two or more years before this action was commenced, that she did not know that she owned any property in this state. We do not understand her to claim that the

defendant acted as her agent before their marriage, but it appears that he contracted for the lots at least ten months before that event occurred. A careful examination of all the evidence in the case leads us to conclude that the decided preponderance of the evidence is against the claim of the intervenor that she was the owner of the lots when this action was commenced.

The judgment of the district court was, therefore, authorized by the evidence, and is AFFIRMED.